Hardin, P. J.
John Cleveland died in the town of Stock-bridge, Madison county, in August, 1867, the owner of a farm of the value of about $11,000, and personal property of the value of about $2,000.
He left a last will and testament, wherein he appointed John R. Cleveland his executor.
He gave $1,000 in lieu of dower to his widow.
He divided his real and personal property among his five children equally.
George F. Cleveland, one of the sons, became entitled to one-fifth of his father’s property in virtue of the will,
*68 On the 28th day of November, 1870, George F. Cleveland was a resident of Minneapolis, Minnesota, where he died on that day, leaving no will, and leaving him surviving the defendant, his widow, the plaintiff, a child, and an infant child named Maud Cleveland. The latter died on the same day as her father, an hour or two thereafter, being about eighteen months old.
Shortly after the death of George F. Cleveland, the defendant, his widow, with the plaintiff, their child, then aged about seven years, returned to Madison county, where they have since resided.
The plaintiff resided with and was cared for by her mother until her marriage, which occurred when she was about nineteen years old. •
Defendant intermarried with one Houseman about two years after the death of her first husband.
George F. Cleveland, at the time of his death, was the owner of a house and lot in Minneapolis, which was incumbered by a mortgage for about $500.
On the 26th day of November, 1870, George F. Cleveland and his wife, the defendant, executed a deed to Guy K. Cleveland, reciting the consideration of $2.00, whereby they conveyed to Guy K. Cleveland all their interest in the farm in Stockbridge owned by John Cleveland at the time of his death.
The referee has found as a fact: “That said deed was executed by said George F. Cleveland and wife, for the purpose of avoiding probate proceedings in the settlement of his estate in case of his death, then expected soon to occur, and also to aid the executor in the settlement of said John F. Cleveland’s estate, but with the understanding that the rights of this man and children would remain the same as if no conveyance had been made. The avails of his estate to be paid to his widow.”
The last finding is challenged by the appellant, as not being supported by the evidence in the case.
We think the finding was warranted by the evidence.
First. The consideration recited in the deed, was only two dollars, the value of the estate conveyed was over $2,000.
There are no facts or circumstances tending to show that George F. Cleveland, two days before his death intended to make a gift of the property covered by the deed to his brother Guy K., or that he intended to committ a fraud upon his wife and children, or that the widow joined in the deed intending to part with her dower interest gratuitously.
Second. In the defendant’s answer she avers that the deed was executed and conveyed, “ all their right, title and *69 interest in and to the real estate,” devised to said George F. Cleveland, and by the will of said John, for a consideration thereafter to be paid them by said Guy K. Cleveland, which said consideration remained unpaid, or the greater part thereof, at the death of said George F. Cleveland; that at the death of said George F. Cleveland, he had no interest in the real estate of his said father.”
Third. The witness admitted in the presence of the witness Chapman, and to the witness May Gregg, facts tending to show the truthfulness of the finding, and the accuracy of that part of her answer, which we have quoted above.
Fourth. It appears by the evidence of John E. Cleveland, that he paid several sums of money to the defendant toward the liquidation of George F. Cleveland’s share in his fathers estate.
He states the payment of several sums to Guy K. Cleveland at the instance or request of the defendant, and received the same for, and on behalf of the defendant.
He testified that he also paid taxes at her request upon the real estate owned by George F., at the time of his death.
He produced several receipts for moneys advanced in liquidation of George’s share.
One of them bears date April 22, 1872, and reads as follows: “ Received of John R. Cleveland, executor of the estate of John Cleveland, one thousand dollars ($1,000), of the portion of May Cleveland, sole heir of George Cleveland, deceased.
G. K. CLEVELAND.”
Another bears date June 6, 1872, and reads as follows: “Received of J. R. Cleveland, five hundred dollars, to apply on my share of father’s estate.
G. K. CLEVELAND.”
Another receipt bears date February 14, 1873, and reads as follows: “Received of J. R. Cleveland, executor under the will of John Cleveland, deceased, three hundred and seventy-eight dollars and eighty-six cents ($378.86), total balance due Leverna J. Houseman (late Cleveland), and May Cleveland, heirs of George F. Cleveland, deceased, son of John Cleveland.
LEVERNA J. HOUSEMAN (Cleveland). MAY CLEVELAND,
PERG. K. CLEVELAND, Agent.”
The executor testifies that he paid over fifty dollars to the defendant, “from the estate of John Cleveland, and at • *70 that time and place, verbally directed this deponent to turn over to said Guy K. Cleveland, the balance of the money coming from the estate of said John Cleveland, to the estate of George F. Cleveland, except taxes, insurance and repairs on Minneapolis homestead, stating to this deponent that she had made an arrangement with said Guy K. Cleveland to loan it for her. Pursuant to said direction I turned over to said Guy K. Cleveland, $1,953.86.”
The testimony of Annie I. Cleveland, the widow of Guy K. Cleveland, tends to the same conclusion.
It seems from the testimony, that the defendant made an arrangement with Guy K. Cleveland, to act as her agent, receive the moneys that were due from the estate of John Cleveland, and also, certain other moneys which she put into his hands for the purpose of investment; and that in pursuance of that arrangement, Guy K. Cleveland loaned defendant’s money, and those coming to her hands from John’s estate, some of them at the rate of twelve per cent and some of them at the rate of nine per cent interest, and that subsequent to that arrangement, Guy K. Cleveland made and sent to the defendant, notes representing the moneys which he supposed belonged to the defendant, payable to the defendant, and notes which he supposed, represented moneys belonging to the plaintiff, were made payable to the plaintiff.
For several years the defendant collected the interest upon the notes, and finally received the principal thereof.
This action is brought for moneys had and recceived by the defendant to the use of the plaintiff.
The complaint contains a general statement of facts in respect to the facts generally mentioned in respect to the estate of John E. Cleveland; the appointment of Guy K. Cleveland as her agent; the loans made by him, and the notes delivered to the defendant by him with the payments made thereon.
And the complaint avers that the amount due from the defendant to the plaintiff on the 1st day of July, 1884, of principal and interest in the premises, and for the reasons aforesaid, is $4,865.22.
It is insisted by the appellant; “that the referee erred in allowing the plaintiff to prove the amount of loans received by the defendant from the Minnesota real estate under the pleadings.”
We think there is no force in the objection.
First. This is an action for money had and received. “ The law will, and always does raise an assumpsit from the misapplication of money received to the use of another.” Smedes v. Elmendorf, 3 Johns., 184.
Such an action is an equitable one, “as a general rule *71 the question is to which party, ex aequo et bono, does the money belong.”
In order to make out a defense, the defendant in her answer set up, viz.:
“That all of said moneys collected and received by said defendant upon said notes and bonds of said Guy K. Cleveland, as aforesaid, and all moneys collected and received by said defendant, directly and indirectly, from the estate of George F. Cleveland, were necessarily paid and expended by her in the care, support and education of said plaintiff, as aforesaid. * *
Upon the trial, the defendant gave evidence tending to show how much money she had expended in supporting the plaintiff, although no guardian had been appointed for her, and although no order of the court had been made allowing the defendant to use the funds and property of the plaintiff in such support and maintenance.
We think, as the issues then stood before the referee, he was waranted in receiving evidence of the amount of money which came to the hands of the defendant on the real estate in Minneapolis, which descended the death of the intestate, George F. Cleveland, to the plaintiff and defendant.
We think the facts and circumstances disclosed in this case entitle the plaintiff to recover of the defendant for moneys received by her which rightfully belonged to the plaintiff; whether the same came to the hands of the defendant as a part of the estate of John Cleveland, or as a part of the estate of George F. Cleveland, and that it is not necessary that an administrator should be appointed to recover the funds from the hands of the defendent. • Segelken v. Meyer, 94 N. Y., 474; Hyde v. Stone, 7 Wend., 354.
These views lead us to the conclusion that the referee was warranted in requiring the defendant to account for the moneys which she had received, acting as agent or trustee for the plaintiff.
An inspection of the evidence, and the findings of the referee, lead us to the conclusion that the amount awarded to the plaintiff does not exceed her right of recovery.
We, therefore, think the judgment should be sustained.
Judgment affirmed, with costs.
Follett, J., concurs; Martin, J., concurs in result.